Manuel CHICO–CABELLO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71659.

Agency No. A70–941–654.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Paul Fiorino, U.S. Department of Justice Civil Division Office of Immigration Litigation, Richard M. Evans, Esq., DOJ—Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Manuel Chico–Cabello, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We vacate and remand.

The IJ denied the application on two independent grounds: (1) that Chico–Cabello failed to establish that he was physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; and (2) that Chico–Cabello failed to establish that his removal would result in exceptional or extremely unusual hardship to either of his United States citizen children.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir.2003), but we lack jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887 (9th Cir.2003).

Because the Board affirmed without opinion, we have no way of knowing on which ground or grounds the Board affirmed, and in turn whether we have jurisdiction to review the Board's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 918 (9th Cir.2004).[1] Accordingly, we vacate the

---

1. Because it is unclear whether the Board summarily affirmed on the hardship ground, the continuous physical presence ground, or both, we do not consider at this time petitioner's due process challenge to the IJ's interpretation of the hardship standard.

Board's decision and remand with instructions to clarify the grounds for its affirmance of the IJ's denial of the application for cancellation of removal. *See id.* at 919 (9th Cir.2004).

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.